**Gurdev SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 04–73708.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, Melissa Neiman–Kelting, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Gurdev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's and BIA's adverse credibility decisions because Singh's asylum application was inconsistent with his testimony concerning several details that went to the heart of his asylum claim, including the dates that his father and uncle were arrested in 1999, and whether his uncle was arrested in 1999 or had disappeared following his arrest in 1997. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Singh also failed to produce corroborating evidence to support his claims in the absence of providing credible testimony. *See Sidhu v. INS,* 220 F.3d 1085, 1091–92 (9th Cir.2000).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to address Singh's challenge to the denial of his request for relief under the CAT because he failed to raise it before the BIA. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

Regarding Singh's argument that he was denied a fair hearing, we conclude that the IJ acted without bias, and that Singh failed to show that he suffered any prejudice. *See Hassan v. INS,* 927 F.2d 465, 469 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.